UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Ronald Satish Emrit,

    Plaintiff

v.

Liberty Life Assurance Company of Boston,

    Defendant

2:16-cv-01945-JAD-GWF

**Order Dismissing Case**

[ECF No. 5]

Defendant LM General Insurance Company, erroneously sued as Liberty Life Assurance Company of Boston, moves to dismiss pro se plaintiff Ronald Satish Emrit's complaint in which he asserts 11 claims arising from the theft of his laptop computer from his car while it sat in a tow yard.[1] Emrit was advised that his failure to respond to the motion to dismiss may result in the dismissal of his claims,[2] but the time for his response passed without an opposition or request for an extension.[3]

---

[1] ECF No. 5.

[2] Plaintiff was timely provided with the notice required under *Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998) (en banc), *Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).  ECF No. 6.

[3] Emrit has filed a "Notice of Appeal," complaining about the defendant's removal of this case from state court and demanding that the case be remanded.  ECF No. 8.  In that notice, he takes the position that his appeal "should render the defendant's motion to dismiss as moot since both personal jurisdiction and subject matter jurisdiction lies with the Clark County District court where this action was commenced." *Id*. at 2.  He states that he will "file a writ of certiorari to have this case heard by the United States Supreme Court" if this case is not remanded back." *Id.*  He alternatively asks that the court treat his notice as a "motion for an interlocutory appeal." *Id*. at 7.

But there is nothing for Emrit to yet appeal from, so I deny his request for permission to bring an interlocutory appeal. *See* 28 U.S.C. § 1292(b) (allowing the district court "in making in a civil action an order not otherwise appealable" to certify an immediate appeal from that interlocutory order).  Until this order, I have made no ruling in this case.  And to the extent that Emrit disputes the defendant's ability to remove this case to federal court, the proper vehicle for that challenge is a timely motion to remand, not an appeal. *See* 28 U.S.C. § 1447(c).  Plaintiff is not relieved of his obligation to comply with the rules and procedures of this court simply because he has not retained,

1    This District's Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points
2 and authorities in response to any motion," with limited exceptions that do not apply here,
3 "constitutes a consent to the granting of the motion." I deem Emrit's failure to oppose the
4 defendant's motion to dismiss as his consent to granting the motion, and I grant the motion in its
5 entirety as unopposed under LR 7-2(d).
6    Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiff's
7 Complaint **[ECF No. 5] is GRANTED.  This case is dismissed.**  The Clerk of Court is directed to
8 **CLOSE THIS CASE.**
9    Dated this 20th day of September, 2016

    _____
    Jennifer A. Dorsey
    United States District Judge

---

or cannot afford to retain, an attorney to represent him. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").