UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ronald Satish Emrit, <br><br>    Plaintiff <br><br> v. <br><br> Liberty Life Assurance Company of Boston, <br><br>    Defendant | 2:16-cv-01945-JAD-GWF <br><br> **Order Denying Pending Motions** <br><br> [ECF Nos. 23, 24, 25, 26, 27] |

    After pro se plaintiff Ronald Satish Emrit failed to respond to LM General Insurance Company's (erroneously sued as Liberty Life Assurance Company of Boston) motion to dismiss, I granted the motion and dismissed this case under Local Rule 7-2(d).[1] Two weeks later, Emrit filed a motion for "recusal of District and Magistrate Judges,"[2] motion for "A Change Venue Based on the Doctrine of Forum Non Conveniens," motion to vacate,[3] motion to reopen,[4] and a "Motion for Judgment Notwithstanding the Verdict."[5] I construe the latter three motions as a motion for reconsideration of my dismissal order under Federal Rules of Civil Procedure 59(e) and 60(b), deny them because Emrit has not made the required showing, and deny all other pending motions as moot.

**Discussion**

    When a ruling has resulted in a final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment under FRCP 59(e) or a motion for relief

---

[1] ECF No. 11.

[2] ECF No. 23.

[3] ECF No. 25.

[4] ECF No. 26.

[5] ECF No. 27.

from judgment under FRCP 60(b).[6]  Motions to reconsider are generally left to the discretion of the trial court.[7]  To succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.[8]  Under FRCP 60(b) the court may relieve a party from final judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other conduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: "(1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law."[9]

      I properly dismissed Emrit's action under Local Rule 7-2(d), which provides that "[t]he failure of an opposing party to file points and authorities in response to any motion," with limited exceptions that do not apply here, "constitutes a consent to the granting of the motion."  I timely provided Emrit with the notice required under *Rand v. Rowland*[10] and *Klinegele v. Eikenberry*,[11] and I expressly warned him that, if he did not file points and authorities in opposition to the motion, his

---

[6] *School Dist. No. 1J Multonomah Cty v. AC & S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

[7] *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987).

[8] *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

[9] *Turner v. Burlington Northern Santa Fe. R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

[10] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).

[11] *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).  ECF No. 6.

case could be dismissed under Local Rule 7-2(d).[12]

Emrit does not attempt to offer a valid basis for reconsideration under either FRCP 59(e) or 60(b). Instead, he argues that reconsideration is necessary because (1) this case was improperly removed because this court lacks subject-matter jurisdiction; (2) I should have automatically granted him an extension to oppose the dismissal motion because of a delay in the mail;[13] (3) this case was improperly closed without the court first issuing an order to show cause; (4) the case was improperly closed without the magistrate judge first issuing a report and recommendation;[14] and (5) this case did not proceed to jury trial.[15]

These arguments are meritless. This case was properly removed. In its petition for removal, the insurance company invoked this court's diversity jurisdiction because the parties are diverse and Emrit seeks well in excess of $75,000 on the face of his complaint.[16] Next, I am not required to sua sponte grant parties extensions for filing deadlines, and an extension for "mail delay" is already build into the timeliness calculation: Emrit's response would have been deemed filed the day it was postmarked, not the date that the court received it. And I did not dismiss this case until six days after the response deadline had passed—more than enough time to account for any delay in the mail.

There is also no requirement that the court issue an order to show cause or that a magistrate judge issue a report recommending dismissal before the district judge dismisses a case by granting an unopposed motion to dismiss. Finally, this case was properly dismissed under LR 7-2(d), which does not require a jury verdict; cases get dismissed all the time without going through a jury trial.

---

[12] ECF No. 6 at 3.

[13] Emrit also argues that there is no federal question presented by this case and that Nevada law applies to the insurance contracts at issue. ECF No. 25 at 1–2. I address these as part of Emrit's removal argument because they also argue that this court lacks subject-matter jurisdiction over his claims.

[14] ECF No. 26.

[15] ECF No. 27.

[16] ECF No. 1. Because this case was removed based on diversity jurisdiction, Emrit's argument that this court lacks jurisdiction because there is no federal question also lacks merit.

Because Emrit has given me no valid basis to reconsider my dismissal order or made the required showing for relief from judgment under either FRCP 59(e) or 60(b), his motions are denied. Emrit is cautioned that any further motions in this closed case will be summarily denied.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Emrit's motion to vacate [**ECF No. 25**], **motion to reopen [ECF No. 26], and motion for judgment notwithstanding the verdict [ECF No. 27] are DENIED**, and Emrit's motion for recusal [ECF No. 23] and motion to vacate [ECF **No. 24] are DENIED as moot.**

Dated this 7th day of October

_____
Jennifer A. Dorsey
United States District Judge